UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELLENA HARDEY MIDDLETON,

                Plaintiff,                <u>REPORT AND RECOMMENDATION</u>

    -against-                              CV 10-6057 (JFB) (ETB)

PEOPLE OF THE UNITED STATES, SUPREME
COURT CLERKS, JOHN DOE & JANE DOES,
MTA LONG ISLAND BUS AUTHORITY,
DEPARTMENT OF SOCIAL SERVICES,
FREEPORT LIBRARY & NASSAU LIBRARY
SYSTEM, HEMPSTEAD VILLAGE & HEMPSTEAD
POLICE DEPT., DANIELLE VERVISDA, ESQ.,
CATHY ANASTAPOULOUS, ESQ. & MENTAL
HYGIENE LEGAL SERVICES, NASSAU COUNTY
MEDICAL CENTER & JOHN DOE BARRIS, MD
AKA ROBERT BARRIS, MD, MERCY MEDICAL
CENTER & KHALID CHAUDRY, MD, N.Y.S.
DEPARTMENT OF MOTOR VEHICLE

                Defendants.

------------------------------------------------------------------X

TO THE HONORABLE JOSEPH F. BIANCO, United States District Judge:

      On December 30, 2010, <u>pro se</u> plaintiff Ellena Hardey Middleton filed a Complaint which purports to allege certain civil rights violations and perhaps state law claims against defendants. The case was referred to the undersigned magistrate judge for all non-dispositive pre-trial matters. Plaintiff proceeds <u>in forma pauperis</u>. For the reasons that follow, I recommend that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), and Federal Rule of Civil Procedure 16(f) ("Rule 16(f)").

-1-

FACTS AND PROCEDURAL HISTORY

A.  The Complaint

The Complaint is rambling and difficult to decipher, but it appears to level a number of charges against various defendants. The complaint against the Nassau County Department of Social Services ("Social Services") appears to arise out of plaintiff's May 2001 arrest "for no reason stating I stole money from the agency and this never occurred." (Complaint at 4-5). She further alleges that she filed a civil complaint in Nassau County Supreme Court against Social Services, but Social Services, along with "conspirators" MTA Long Island Bus Authority ("Bus Authority"), "stole her original complaint," which apparently resulted in its dismissal. (Id. at 5).

A state court civil action regarding an alleged slip and fall at the Freeport Public Library in 2007 appears to have been resolved against her, as well. However, plaintiff alleges, "I know I won this lawsuit . . . and they covered it up and sent me fraudulent papers stating I lost, . . . using the court system to commit their criminal acts." (Id.). This apparently accounts for naming the Freeport Library and Nassau Library System as defendants in this action.

The Village of Hempstead and Hempstead Police Department (the "Hempstead defendants") are named for allegedly "forcing me four times into the mental ward . . . [and] conspiring together to force me to retain against my will in the mental ward and then forc[ing] [me] to take medication that I did not need." (Id. at 6). Defendants Danielle Vervisda, Esq., and Cathy Anastapoulous, Esq., whom plaintiff identifies as attorneys with Mental Hygiene Legal Services, apparently did not adequately protect the pro se plaintiff's rights while in the mental ward. (Id.).

Plaintiff alleges that defendant Clerks of the New York State Supreme Court conspired with the other defendants in criminal acts which resulted in her court papers being misplaced and information about her

being given to outside sources. (Id.).

Finally, plaintiff names as defendants the New York State Department of Motor Vehicles ("DMV") and the "People of the United States of America" ("United States"). They are alleged "to utilize my personal information and commit heresy, criminal, thievery, fraud, deception and all and any kind of acts utilizing my information against my will and without my permission in any account." (Id.). Specifically, the DMV has listed an uncountable number of vehicles in her name. (Id.). The United States has "listed me as using drugs, prostitution and on drugs and the list goes on." (Id.).

Plaintiff alleges that all defendants "have cause[d] me serious harm, defamation of my character and pain and suffering for their own greed and self natured selves." (Id.). She seeks injunctive relief and 700 million dollars ($700,000,000) in money damages. (Id. at 7).

Attached to the Complaint as exhibits are copies of the summons and complaint in plaintiff's 2008 action against the Library, with annexed medical records and a final order of custody; a civil complaint in the Nassau County Supreme Court against the Hempstead Police, the Nassau County Medical Center, Mercy Medical Hospital Center, Danielle Vervisda, and other defendants; and an "E-Plate Fraud List" describing what purports to be 162 vehicles and license plate registrations (e.g. "AHN8620-RED TRK").

B.   Proceedings in the District Court

This Court set an initial scheduling conference for May 31, 2011. Plaintiff failed to appear or communicate with the Court, and the conference was adjourned until June 6, 2011. In the order adjourning the conference, plaintiff was informed that failure to appear would expose the action to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and/or failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 16(f) ("Rule 16(f)").

Plaintiff again failed to appear at the June 6, 2011 conference or otherwise communicate with the Court. The Court adjourned the conference to June 22, 2011, and again informed plaintiff that her failure to appear would expose the action to dismissal. The Court's May 31, 2011 Order adjourning the conference to June 6, 2011, which was mailed to plaintiff at her address of record on the docket sheet, was returned as undeliverable. On June 15, 2011, an order by the assigned district judge setting a briefing schedule for a motion to dismiss was similarly returned as undeliverable.

On June 17, 2011, plaintiff communicated with chambers via telephone and asserted, among other things, that she would not attend the initial scheduling conference because it was "waived." Plaintiff failed to appear at the June 22, 2011 conference. On the record at the conference, counsel for Nassau County Department of Social Services asserted that she had attempted to telephone plaintiff at her phone number of record on the docket sheet and was informed that plaintiff did not and had never resided at the address, but sometimes used it as a mailing address. Counsel's attempts to communicate with plaintiff via mail have likewise been unsuccessful. All counsel appearing at the conference joined in a request that the action be dismissed.

## DISCUSSION

A. <u>Dismissal Pursuant to Rule 8(a)</u>

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "The key to Rule 8(a)'s requirements is whether adequate notice is given." <u>Wynder v. McMahon</u>, 360 F.3d 73, 79 (2d Cir. 2004). Notice is satisfactory when it "enable[s] [the adverse party] to answer and prepare for trial." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988); <u>see also</u> <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). To satisfy Rule 8, a complaint

must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A plaintiff need not set out detailed factual allegations, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted, alteration in original). To determine whether a claim is "plausible," a court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

While courts interpret pro se pleadings liberally, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." See, e.g., Wynder, 360 F.3d at 79 n.11. Thus, if a pro se complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant."[1] Salahuddin, 861 F.2d at 42. Dismissal is appropriate when the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42; see also Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 527-28 (2d Cir. 2005) (affirming dismissal of a pro se complaint because unintelligible). This is such a case.

Plaintiff's complaint consists of rambling, conclusory, possibly delusional allegations with little or no factual support. The allegations are so vague as to make it impossible for defendants to frame a response. Plaintiff fails to identify any federal statute under which she sues, and so the Court is left to guess that she attempts to state causes of action under 42 U.S.C. § 1983, although that is by no means obvious. Moreover, on many occasions she asserts merely that "defendants" harmed her, making no distinction as to which

---

[1] Defendants New York State, Danielle Vervisda, Nassau County, and Mercy Medical Center and Khalid Chaudry, M.D., have brought motions to dismiss. (See Docket Nos. 23, 25, 28, and 50). However, those motions are not before me.

defendant did what, or how any defendant did what it seems to be accused of. (See, e.g., Complaint at 5 ("[A]ll the other defendant's [sic] that were involved in this matter are all joiners that engaged in the conspiracy to violate my rights and other unethical controlling nature to violate[] individual[']s freedom."); id. at 6 ("The Clerks where my complaints are filed are door openers for all these defendant's [sic] to do their criminal acts and they assist them with these tactics . . . .")). Plaintiff has not set forth any plausible claims. Clearly, this Complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42.

Moreover, beyond these Rule 8 deficiencies, other problems appear on the face of the Complaint. Plaintiff's claims against the DMV are barred by Eleventh Amendment immunity. See Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (holding a § 1983 claim against the New York State Department of Motor Vehicles "clearly barred by the Eleventh Amendment"). Similarly, because Mental Hygiene Legal Services is "a state funded legal services agency under the direction of the New York State Office of Court Administration," Fisk v. Letterman, 401 F. Supp.2d 362, 378 (S.D.N.Y. 2005), it, too, enjoys immunity from suit. See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999) ("The State Office of Court Administration is an arm of the state and therefore immune."); Sasscer v. Barrios-Paoli, No. 05 Civ. 2196, 2008 WL 5215466, at *4 (holding that Mental Hygiene Legal Services is immune from suit in federal court).

To the extent that plaintiff attempts to state causes of action under § 1983, she has failed to do so against the Nassau County defendants or the Hempstead defendants because she has not alleged that her constitutional rights were violated pursuant to a municipal policy, practice, or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Additionally, any § 1983 claims based on events occurring prior to December 30, 2007, such as the claims against the Bus Authority and Social Services, and certain claims against the Freeport Library and Nassau County Library System

(see Complaint at 4 (listing the dates of the events giving rise to plaintiff's claims)) are likely time-barred. See Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) (holding that § 1983 actions in federal courts in New York are governed by a three-year statute of limitations).

Moreover, the Court likely lacks jurisdiction over at least some of Plaintiff's claims pursuant to the Rooker-Feldman doctrine, which bars federal courts from hearing "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments.'" McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). The Court takes judicial notice of two orders in In re Application for an Order Authorizing the Involuntary Treatment of Ellena Hardey, Case No. 29355-IC, filed in the Nassau County Supreme Court. See Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 402 (2d Cir. 2003) (stating that a court may take judicial notice of state court records). The first order authorizes plaintiff's hospitalization at Nassau University Medical Center under New York Mental Hygiene Law § 9.37 for sixty (60) days from April 2, 2009. (See Vervisda Declaration, attached to Vervisda Motion to Dismiss ("Vervisda Decl."), exh. A, Docket No. 25-6). It further authorizes the administration of antipsychotic medication to plaintiff over her objection. (See id.). The second similarly authorizes hospitalization for sixty (60) days from October 7, 2009, as well as authorizing the administration of antipsychotic medication to plaintiff. (See Vervisda Decl., exh. B, Docket No. 25-7). Plaintiff complains here that the Hempstead defendants forced her against her will into the hospital and thereafter forced her to take medication. (See Complaint at 5).

In most cases, courts dismissing complaints for failure to comply with Rule 8 grant leave to amend. See Salahuddin, 861 F.2d at 42 ("[T]his Court has repeatedly cautioned against sua sponte dismissals [without leave to amend] of pro se civil rights complaints prior to requiring defendants to answer.").

However, the Second Circuit has recognized that, under certain circumstances, a pro se civil rights complaint may be dismissed without leave to amend. When a complaint pleads claims that are frivolous on their face, a dismissal under Rule 8 need not grant leave to amend. See id. at 42, 43 (recognizing that frivolous complaints may be dismissed without leave to amend). "A complaint is frivolous when it is vague and incomprehensible or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." Bloom v. Unites States Gov't, No. 02 Civ. 2352, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003). Here, plaintiff's claims are nonsensical and confused. In addition, certain defendants are protected by immunity and many claims are barred by either the statute of limitations or the Rooker-Feldman doctrine. I therefore recommend that the Complaint be dismissed without leave to amend. See Biviano v. Richard, No. 11-cv-1674, 2011 WL 1579925, at *4 (E.D.N.Y. Apr. 26, 2011) ("The vague, disjointed, and incomprehensible nature of the instant complaint . . . supports this Court's decision to dismiss with prejudice.")

B.  Dismissal Pursuant to Rule 41(b)

Rule 41(b) authorizes a district court to dismiss an action in its sound discretion if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. Proc. 41(b). A district court's right to dismiss a case sua sponte in the absence of a formal motion is "unquestioned." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). All litigants, including those proceeding pro se, "have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal citation and quotation marks omitted). However, dismissal

is a drastic remedy that should be used when lesser sanctions will not rectify the plaintiff's recalcitrance. Giuliano v. Everything Yogurt, Inc., 152 F.R.D. 449, 451-52 (E.D.N.Y. 1994). Second Circuit precedent mandates that a district court examine five factors before dismissing a case pursuant to Rule 41(b):

> (1) the duration of the plaintiff's failure to [prosecute or] comply with a court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); Giuliano, 152 F.R.D. at 451. No single factor is determinative, and the Court must consider all the facts and circumstances of the case. Unites States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

1. Duration of Delay

"This first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255. Here, it is unquestioned that the delays were the fault of plaintiff. Defendants, but not plaintiff, have appeared at each of the three scheduled conferences. To the extent that plaintiff can argue that she did not receive notice of the conferences, that outcome was the result of her providing an incorrect address to the Court and failing to keep abreast of developments in the case. See Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("[A]ny inability to receive actual notice of the proceedings was of [plaintiff's] own doing. Nothing prevented her from leaving a forwarding address or otherwise staying in

contact with the Court."). Moreover, plaintiff clearly had notice of the June 22 hearing: She telephoned the Court to assert in a rather hostile message that she refused to appear.

While the duration of the delay is, at this point, approximately one month, the fact that plaintiff's recalcitrance has arisen at the outset of the case, prior to the initial conference, does not bode well for the timely and efficient resolution of this action. Nor does plaintiff's failure to provide the Court with an address at which she can be reached. See Cruz v. Bd. of Elections of the City of New York, 392 F. Supp. 2d 667, 667 (S.D.N.Y. 2005) (dismissing complaint for failure to prosecute when correspondence mailed to the plaintiffs by the court was returned unopened).

### 2. Notice of Potential of Dismissal

Plaintiff had notice that failure to appear could result in dismissal. She was warned in both the Court's May 31 Order and June 6 Order. Moreover, although the May 31 Order was returned to the Court, the June 6 Order, with its warning, was not. As noted above, it is clear that plaintiff received notice of the June 22 conference because she called the Court regarding her refusal to attend. This factor clearly militates in favor of dismissal. See Lucas, 84 F.3d at 535 ("[I]t is difficult to imagine how dismissal for unexplained noncompliance [after a warning that failure to comply could result in dismissal] could be an abuse of discretion").

### 3. Prejudice of Further Delay

This factor examines whether defendants are likely to be prejudiced by further delay. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to

contact with the Court."). Moreover, plaintiff clearly had notice of the June 22 hearing: She telephoned the Court to assert in a rather hostile message that she refused to appear.

While the duration of the delay is, at this point, approximately one month, the fact that plaintiff's recalcitrance has arisen at the outset of the case, prior to the initial conference, does not bode well for the timely and efficient resolution of this action. Nor does plaintiff's failure to provide the Court with an address at which she can be reached. See Cruz v. Bd. of Elections of the City of New York, 392 F. Supp. 2d 667, 667 (S.D.N.Y. 2005) (dismissing complaint for failure to prosecute when correspondence mailed to the plaintiffs by the court was returned unopened).

### 2. Notice of Potential of Dismissal

Plaintiff had notice that failure to appear could result in dismissal. She was warned in both the Court's May 31 Order and June 6 Order. Moreover, although the May 31 Order was returned to the Court, the June 6 Order, with its warning, was not. As noted above, it is clear that plaintiff received notice of the June 22 conference because she called the Court regarding her refusal to attend. This factor clearly militates in favor of dismissal. See Lucas, 84 F.3d at 535 ("[I]t is difficult to imagine how dismissal for unexplained noncompliance [after a warning that failure to comply could result in dismissal] could be an abuse of discretion").

### 3. Prejudice of Further Delay

This factor examines whether defendants are likely to be prejudiced by further delay. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to

which the delay was lengthy and inexcusable." Drake, 375 F.3d at 256. No excuses have been offered for plaintiff's delay. Additionally, plaintiff has named a number of defendants in this action, many of them municipalities or state agencies. In each of the previous conferences, counsel for the various defendants has appeared, wasting their time and taxpayer money.² Further delay would be a further burden. Even so, the relatively short duration of the current delay cuts against a finding that further delay would prejudice defendants.

4. Balancing Effect on Court's Calendar with Right to be Heard

A district court must balance the effect of calendar congestion caused by delay against the plaintiff's due process right to be heard. See Drake, 375 F.3d at 257. Of course, any delay has some effect on the court's calendar congestion and impedes the "strong policy favoring prompt disposition of cases." Lyell Theatre Corp. V. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Here, plaintiff has failed to appear at three scheduled initial conferences. After her first absence, she was warned each time as to the potential of dismissal. The phone message she left with the Court prior to the most recent conference date showed her awareness and defiance of the orders of the Court. Where a plaintiff could have avoided dismissal "by pressing [her] claim . . . there can be no claim by plaintiff[] that [her] due process rights have been denied." Luksenow, 124 F.R.D. at 67; see also Feurtado v.

---

²For example, the May 31, 2011 conference was attended by counsel for, among other defendants, the Nassau County Department of Social Services, the Freeport Library and Nassau Library System, the Village of Hempstead, and the New York State Department of Motor Vehicles. Six attorneys appeared (via telephone) on behalf of defendants at the June 6, 2011 conference, and seven attorneys appeared (again via telephone) on behalf of defendants at the June 22, 2011 conference.

City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Here, the fact that plaintiff repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court."); Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated . . . cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Thus, this factor weighs in favor of dismissal.

     5.     Less Drastic Sanction

The Second Circuit has repeatedly observed that a dismissal with prejudice for failure to prosecute is a harsh sanction. See, e.g., Lucas, 84 F.3d at 535. Therefore, before dismissing a case a district court must consider whether sanctions less severe would be effective. Here, plaintiff has more than once been warned of the consequences of failing to appear and move the case forward. This strategy has been ineffective. See Richter v. Webster Hall Entm't Corp., No. 04 Civ. 2748, 2006 WL 2935797, at *5 (S.D.N.Y. Oct. 12, 2006) ("Prior warning of dismissal and admonishment . . . for his series of failures to appear before the Court to advance his . . . claims have been ineffective in motivating him to effectively prosecute this case, and thus lesser sanctions would be inadequate."). Moreover, plaintiff is proceeding in forma pauperis, so a monetary sanction would be unavailing. See Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 112 (S.D.N.Y. 1997) ("Since plaintiff . . . is proceeding in forma pauperis, monetary sanctions would have no effect."). Given the defects of the Complaint and plaintiff's intransigence, I recommend the Complaint be dismissed with prejudice. See Fed. R. Civ. Proc. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

In sum, it is undisputable that plaintiff caused this delay even after being repeatedly warned of its consequences and the Court has no other effective sanction to control plaintiff's recalcitrance. Therefore, after examining all of the facts and circumstances of the case, I recommend that this action be dismissed for failure to prosecute.

C. <u>Dismissal Pursuant to Rule 16(f)</u>

Rule 16(f) similarly authorizes a district court <u>sua sponte</u> to impose sanctions, including dismissal, "if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. Proc. 16(f)(1)(C). Dismissal is appropriate under Rule 16(f) where "(1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders." <u>Lediju</u>, 173 F.R.D. at 112; <u>see also</u> <u>Agiwal v. Mid Island Mortgage Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009).

The facts outlined above show willfulness and fault on the part of plaintiff. She has failed to provide the Court with an address or telephone number at which she can consistently be contacted. She has failed to appear at two scheduled conferences without communicating with the Court. When she did inform the Court that she would not appear at the most recent conference, she provided no excuse or explanation, even in the face of threatened sanctions. She merely insisted, in a hostile message, that she would not attend.

For the foregoing reasons, I recommend dismissal with prejudice.

RECOMMENDATION

Because plaintiff has failed to properly plead, failed to prosecute this action, failed to provide the Court and counsel with an address and phone number for communication, and failed to comply with court orders, I recommend that the action be dismissed, with prejudice, pursuant to Rule 8(a), Rule 41(b), and Rule 16(f).

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Dated: Central Islip, New York
       June 28, 2011

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge