UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-6057 (JFB) (ETB)
_____

ELLENA HARDEY MIDDLETON,

Plaintiff,

VERSUS

PEOPLE OF THE UNITED STATES, ET AL.,

Defendants.

_____

**MEMORANDUM AND ORDER**
February 7, 2012
_____

JOSEPH F. BIANCO, District Judge:

On December 30, 2010, *pro se* plaintiff Ellena Hardey Middleton, a.k.a. Ellena Hardy Middleton, ("plaintiff") brought this action alleging certain civil rights violations and perhaps state law claims against defendants People of the United States; Supreme Court Clerks, John Doe & Jane Does; MTA Long Island Bus Authority ("MTA"); Nassau County Department of Social Services ("Social Services"); Freeport Library & Nassau Library System; Hempstead Village; Hempstead Police Department; Danielle Vervisda,[1] Esq. ("Visvader"); Cathy Anastapoulos, Esq. ("Anastapoulos"); Mental Hygiene Legal Services; Nassau County Medical Center ("NCMC"); John Does Barris, M.D., a.k.a. Robert Barris, M.D. ("Barris"); Mercy Medical Center ("Mercy"); Khalid Chaundry,[2] M.D. ("Chaudhry"); and the N.Y. State Department of Motor Vehicles ("DMV") (collectively, "defendants").

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge E. Thomas Boyle, as well as plaintiff's objections to the R&R. The R&R recommends that the complaint be dismissed with prejudice pursuant to Rules 8(a), 41(b), and 16(f) of the Federal Rules of Civil Procedure.

---

[1] The complaint misspells defendant's name. The correct spelling is Danielle Visvader.

[2] The complaint misspells defendant's name. The correct spelling is Khalid Chaudhry.

For the reasons that follow, the Court adopts in full Judge Boyle's thorough and well-reasoned R&R. Moreover, to the extent plaintiff is attempting to raise any state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over any such claims given the absence of any federal claims that survive a motion to dismiss.

I. PROCEDURAL HISTORY

Plaintiff filed her complaint on December 30, 2010. She also filed a motion to proceed *in forma pauperis*, which the Court granted on February 18, 2011. The DMV filed a motion to dismiss on May 11, 2011. Visvader filed a motion to dismiss on May 13, 2011. Social Services filed a motion to dismiss on May 13, 2011. Mercy and Chaudhry field a motion to dismiss on June 15, 2011. On June 28, 2011, Magistrate Judge Boyle *sue sponte* issued the R&R recommending that the action be dismissed. Plaintiff filed a reply in opposition to the R&R on July 26, 2011. Mercy and Chaudhry and Social Services each filed a reply in support of their motions to dismiss on August 23, 2011.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985))*; Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

III. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with the parties' motions, as well as the R&R, applicable law, and plaintiff's objections. Having reviewed *de novo* all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the Report in its entirety, for the reasons set forth therein and below.[3]

As Magistrate Judge Boyle explains in the R&R, plaintiff's complaint is rambling and difficult to decipher. (R&R at 2.) Consequently, Magistrate Judge Boyle recommends dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure, without leave to re-plead. As set forth below, this Court agrees.

---

[3] Even if the Court reviewed the entire R&R under a *de novo* standard, after reviewing all of the submissions in connection with defendants' motions to dismiss (including plaintiff's opposition to the motions), the Court would reach the same conclusion for the reasons set forth in the thorough R&R and in this Memorandum and Order.

2

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n. 3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 8(a) is "not meant to impose a great burden upon a plaintiff." *Dura Pharms.*, 544 U.S. at 347. As the Second Circuit has observed, "[d]ismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). In such circumstances, a court may dismiss the complaint under Rule 8(a) *sua sponte*. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

In addition, in considering a motion under Rule 8(a), courts should liberally construe the complaint of a *pro se* litigant in his or her favor. *Salahuddin*, 861 F.2d at 42; *see also Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) ("[T]he Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." (citations omitted)).

However, as the Second Circuit has held, Rule 8(a) does not indicate that "[p]laintiffs bear no burden at the pleading stage." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006). Instead, a court retains the power, "[w]hen a complaint

3

does not comply with the requirement that it be short and plain, . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons*, 49 F.3d at 86-87.

This Court agrees that plaintiff's "rambling, conclusory, possibly delusional allegations" are "so vague as to make it impossible for defendants to frame a response." (R&R at 5.) Furthermore, taking each defendant in turn, there are additional bases on which to dismiss the complaint.

A. Nassau County Department of Social Services and MTA Long Island Bus Authority

Plaintiff appears to claim that the MTA and Social Services are involved in a conspiracy to steal and withhold court records to prevent her from collecting an award settlement. (Compl.[4] at 4-5.) Plaintiff does not, however, identify the existence of any settlement or judgment issued in her favor that an entity might conspire to prevent her from collecting. Accordingly, because plaintiff's claims are "so confused, ambiguous, vague, or otherwise unintelligible," the R&R properly dismisses these allegations pursuant to Rule 8. *See Wynder*, 360 F.3d at 80.

Additionally, plaintiff alleges that Social Services had plaintiff "falsely arrested for no reason stating I stole money from the agency and this never occurred." (Compl. at 4-5.) The arrest apparently occurred in May 2001. (Compl. at 4.) In addition to dismissing plaintiff's claims against Social Services under Rule 8, plaintiff's claims are also barred by the statute of limitations. The statute of limitations for a claim of false arrest is one year. *See* N.Y. Civ. Prac. Law § 215(3). Even construing plaintiff's allegations as a claim under 42 U.S.C. § 1983, any such claim would also be barred by the three-year statute of limitations for claims brought pursuant to Section 1983. *See Owens v. Okure*, 488 U.S. 235, 251 (1989). More than nine years passed from the time of the alleged false arrest in May 2001 to the date on which plaintiff brought her complaint.

B. Freeport Library and Nassau Library System

A state court civil action regarding an alleged slip and fall at the Freeport Public Library in 2007 appears to have been resolved against plaintiff. Plaintiff alleges, however, "I know I won this lawsuit . . . and they covered it up and sent me fraudulent papers stating I lost, . . . using the court system to commit their criminal acts." (Compl. at 5.) The R&R properly dismisses these vague and conclusory allegations under Rule 8.

C. Village of Hempstead, Hempstead Police Department, Danielle Visvader, Esq., Cathy Anastapoulous, Esq., and Mental Hygiene Legal Services

The Village of Hempstead and the Hemptsead Police Department allegedly forced plaintiff into a mental ward, forced her to take medication she does not need,

---

[4] "Compl." refers to plaintiff's complaint, Dec. 30, 2010, ECF No. 1.

4

and conspired to keep her there. (Compl. at 5-6.) Defendants Visvader and Anastapoulos, identified as attorneys with Mental Hygiene Legal Services, apparently did not protect plaintiff's rights while she was in the mental ward. The R&R properly dismisses plaintiff's complaint with respect to these defendants under Rule 8. As the R&R explains, there are also additional grounds on which to dismiss the complaint.

First, as Magistrate Judge Boyle noted, to the extent plaintiff's Section 1983 claims seek damages due to defendants' enforcement of the state court orders which authorized her hospitalization and the administration of antipsychotic medication, any such claims would be barred by the *Rooker-Feldman* doctrine. (*See* R&R at 6.)

Second, any allegations against the Mental Hygiene Legal Services are barred by Eleventh Amendment immunity because it is a state funded legal services agency under the direction of the New York State Office of Court Administration. (*See* R&R at 6.)

Third, to the extent plaintiff attempts to state a cause of action under 42 U.S.C. § 1983 against the Village of Hempstead and the Hempstead Police Department, she fails to do so because she has not alleged that her constitutional rights were violated pursuant to a municipal policy, practice, or custom. (*See* R&R at 6.)

Finally, as to defendant Visvader, plaintiff appears mistakenly to believe that Visvader was her attorney during proceedings to involuntarily hospitalize and medicate her at the Nassau County Medical Center ("NCMC") and Mercy. In fact, Visvader is a private attorney who represented these institutions when plaintiff was a psychiatric patient at these hospitals. Even construing that Visvader somehow violated plaintiff's rights by causing her involuntary retention and treatment at NCMC or Mercy, Visvader cannot be held liable under 42 U.S.C. § 1983 because she is a private actor, and the statute requires that she act under color of law. *See McCluskey v. N.Y. State Unified Court Sys.*, 10-3011-cv, 2011 U.S. App. LEXIS 18610, at *6 (2d Cir. Sept. 7, 2011).

### D.  N.Y. State Department of Motor Vehicles

Plaintiff alleges that the DMV has "so many vehicles listed under my name I don't even try to account the number, I do know they are using my initials on these vehicles and that my licenses have been affected by these all defendant[s] driving these vehicles and they refuse to pay the fines and tickets." (Compl. at 6.) Again, the R&R properly dismisses plaintiff's complaints pursuant to Rule 8. In addition, plaintiff's claims against the DMV are barred by Eleventh Amendment immunity. The DMV is a state agency, and therefore immune from suit. (*See* R&R at 6.)

### E.  Mercy Medical Center, Khalid Chaudhry, Nassau County Medical Center, and Robert Barris, M.D.

Plaintiff does not even mention defendants Mercy, Chaudhry, NCMC, or Barris within the factual portion of her complaint. Plaintiff mentions four occasions in 2009 when the police department forced her against her will into a mental health ward, but she does not specify which, if any,

5

of the four occurrences occurred at Mercy or at NCMC. (Compl. at 6.) Plaintiff attaches a civil complaint she filed in Nassau County Supreme Court in 2009 against many of the same defendants, including Mercy, Chaudhry, NCMC, and Barris.[5] (Compl. at Ex. B.) In that complaint, she provides more detail about the alleged instances of involuntary commitment. As noted *supra*, to the extent plaintiff is attempting to assert a Section 1983 claim against these defendants based upon her belief that the involuntary commitment orders issued in 2009 were illegal, such claim is barred by the *Rooker-Feldman* doctrine.

In any event, any purported 42 U.S.C. § 1983 claim is inapplicable to Mercy and Chaudhry as Mercy is a private hospital and Chaudhry is a private physician, and therefore neither is a state actor. *See Hogan v. A.O. Fox Mem'l Hosp.*, 346 Fed. App'x 627, 629 (2d Cir. 2009); *Law v. Camp*, 15 Fed. App'x 24, 26 (2d Cir. 2001); *Okunieff v. Rosenberg*, 166 F.3d 507, 507 (2d Cir. 1999) (per curiam).

F. All Other Defendants

Plaintiff alleges that "the defendant[s] Hempstead Village & Hempstead Police Department and all the other defendant[s] that were involved in this matter are all joiners that engaged in the conspiracy to violate my rights and other unethical controlling nature to violates individuals freedom." (Compl. at 5.) Plaintiff also alleges that the "Clerks where my complaints are filed are door openers for all these defendant[s] to do their criminal acts and they assist them with these tactics and this why my papers are consistently denied are misplaced and my information given to sources which they should not retain and my acknowledgement to my business in the courts without my permission." (Compl. at 6.) Because these allegations are "so confused, ambiguous, vague, or otherwise unintelligible," the R&R properly dismisses them under Rule 8. *See Wynder*, 360 F.3d at 80.

G. Dismissal Under Rule 41(b) and Rule 16(f)

The R&R also recommends dismissal pursuant to Rules 41(b) and 16(f) of the Federal Rules of Civil Procedure. Magistrate Judge Boyle properly weighed the factors set forth in *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) in concluding that dismissal was appropriate under Rule 41(b). (R&R at 9-13.) The Court agrees with his analysis and conclusions with respect to Rules 41(b) and 16(f).

In sum, this Court has fully considered plaintiff's objections to the R&R and finds them to be without merit.

V. LEAVE TO RE-PLEAD

As Magistrate Judge Boyle explains in his R&R, because plaintiff's claims are nonsensical and confused, and because of the many other grounds for dismissal, the complaint should be dismissed without leave to amend. (*See* R&R at 8.) As set forth below, this Court agrees for several reasons.

---

[5] Plaintiff also named "Hempstead Police & Jane Doe & John Doe & John Doe, Danielle Vervisda & Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato, & Einiger, LLP" as defendants in the Nassau County action. (Compl. at Ex. B.)

6

This Court recognizes that "if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons*, 49 F.3d at 86-87. The Second Circuit has emphasized:

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiff's complaint, the Court has considered whether to dismiss with or without prejudice. However, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the complaint with prejudice for three reasons.

First, plaintiff has not requested an opportunity to re-plead. *See, e.g.*, *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("the Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.")

Second, as discussed above, plaintiff's claims could not survive a Rule 12(b)(6) motion and, thus, any attempted amendment would be futile. After carefully reviewing the complaint (and plaintiff's opposition to the motion to dismiss and objections to the R&R), it is abundantly clear that no amendments can cure the pleading deficiencies and any attempt to re-plead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend the complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Finally, a court may dismiss without leave to amend when "the substance of the claim pleaded is frivolous on its face." *Salahuddin*, 861 F.2d at 42; *see also Bloom v. United States Gov't*, 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *23 (S.D.N.Y. Oct. 7, 2003). As discussed *supra*, "[a] claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citations and quotation omitted). Here, there is no question that the claims are vague and incomprehensible, and are supported by fantastic and delusional allegations. Plaintiff's opposition to the motion to dismiss/objections to the R&R is similarly unintelligible and fanciful. *See* Plaintiff's Opp., at 2 ("defendants continue to pursue their illegal tactics in the legal system by falsifying papers and stealing legal documents belonging to plaintiff in

7

their efforts to try to set up plaintiff with their melodrama illegal tactics in trying to discredit plaintiff and win their case based on immoral legal ethics"). Plaintiff's opposition restates many of her initial allegations, and adds confused, ambiguous, and vague allegations about the defendants stealing her mail. Thus, plaintiff's opposition to the R&R demonstrates that granting leave to re-plead would be futile. Under these circumstances, given the clearly frivolous nature of these claims, leave to re-plead is unwarranted.

## VI. CONCLUSION

Having conducted a *de novo* review of all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety. Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed, with prejudice as to any federal claims. To the extent plaintiff is attempting to raise any state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over any such claims given the absence of any federal claims that survive a motion to dismiss. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 7, 2012
Central Islip, New York

\* \* \*

The plaintiff is proceeding *pro se*, 260 Clinton Street, Apt. 105, Hempstead, NY 11550. Social Services is represented by Diane C. Petillo, Office of the Nassau County Attorney, One West Street, Mineola, NY 11501. Freeport Library and Nassau Library System are represented by Wade

Thomas Dempsey, Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, 6851 Jericho Turnpike, Suite 250 P.O. Box 1306, Syosset, NY 11791. Hempstead Village and the Hempstead Police Department are represented by Debra Ann Urbano-DiSalvo, Village of Hempstead Attorney's Office, 99 Nichols Court P.O. Box 32, Hempstead, NY 11551. Visvader is represented by Eric Broutman, Abrams Fensterman Fensterman Eisman Greenberg Formato Einige, 1111 Marcus Avenue, Suite 107, Lake Success, NY 11042. Anastapoulos and the DMV are represented by Lori L. Pack, Office of the New York State Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788. Nassau County Medical Center and Barris are represented by Roger B. Lawrence, Lawrence, Worden & Rainis, P.C., 225 Broad Hollow Road, Suite 105E, Melville, NY 11747. Mercy Medical Center and Chaudhry are represented by Elizabeth Fitzgibbon, Geisler & Gabriele, LLP, 100 Quentin Roosevelt Boulevard, Garden City, NY 11530.